FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
AUG 1 9 2014
BY _____
DEPUTY CLERK

RECEIVED
IN CLERK'S OFFICE
AUG 1 9 2014
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| STORM SHOWERS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MJM INTERNATIONAL CORPORATION, INC.,<br><br>Defendant. | Case No.<br><br>2-14    79<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Storm Showers LLC complains of Defendant MJM International Corporation, Inc. as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Plaintiff Storm Showers LLC ("Storm Showers") is a limited liability company organized and existing under the laws of the State of Tennessee since 2007.

3. David B. Storm ("Storm"), an individual residing in Cookeville, Tennessee, is the founder and sole owner of Storm Showers LLC. At the age of 16, Storm began working with his father, John Storm, in Louisiana serving nursing homes and providing resident hygiene. After 40 years, the Storm family remains committed to providing the best long term care to patients and they have furthered that goal through specialized products provided by Storm Showers.

4. Storm Showers was originally formed to provide much needed products and services unavailable in the market at the time. Initially, Storm Showers focused on the lack of whirlpool bathing being conducted in long term care facilities. Through years of trial and error,

Storm recognized a connection between outdated bathing equipment and contamination of patients resulting in infections. These preventable infections (mostly urinary tract infections associated with E. coli) have placed a tremendous burden on caregivers, patients and the American public (with estimations exceeding billions of dollars per year spent to treat preventable infections).

5. Through extensive efforts, Storm concluded that the proper configuration of a shower chair (such as that claimed in the patent in suit) can reduce urinary tract infections significantly.

6. Storm has obtained several patents on his inventions directed to solving these problems and has undertaken significant efforts to educate the long term care industry about these problems as well as the solutions available (including those provided by Storm Showers).

7. Storm Showers has provided, and continues to provide, its various products throughout the United States and, particularly, in Tennessee and this Judicial District. Storm Showers has continued to improve its products in an effort to provide much needed relief to patients, medical care facilities, and the American taxpayer.

8. Storm is the inventor of United States Patent No. 8,677,520 entitled "Full Perineal Wash System," which issued on March 25, 2014 ("the '520 Patent") (a true and correct copy is attached as Exhibit A).

9. Storm Showers currently manufactures a product called the Lou Lou Shower Chair, which embodies the claims of the '520 Patent. The currently-manufactured Lou Lou Shower Chair was first manufactured and offered for sale in 2012, after the filing of the '520 Patent. After the March 25, 2014, issuance of the '520 Patent, Storm Showers has taken steps to ensure that the currently-manufactured Lou Lou Shower Chair and related product literature will be marked in accordance with the provisions of the Patent Act.

10. Via assignment dated June 5, 2014, and duly recorded with the United States Patent Office, Storm Showers became (and remains) the assignee and owner of all right, title and interest in the '520 Patent including for past, present and future infringement thereof. Accordingly, Storm Showers has standing to bring this action for infringement of the '520 Patent and recover damages for all past, present and future infringement thereof.

11. Defendant MJM International Corporation, Inc. ("MJM") is a corporation organized and operating under the laws of the State of Texas with a principal place of business at 323 East Owassa Road, Suites 3 & 4, Edinburgh, Texas 78539.

12. MJM claims to have "over 30 plus years of experience in design and developing PVC Medical Equipment." MJM manufactures, markets and sells various medical care products (including shower chairs and, particularly, the shower chair accused of infringement in this Complaint) throughout the United States, including Tennessee and this Judicial District.

## JURISDICTION AND VENUE

13. This Court has exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

14. Personal jurisdiction over MJM is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

15. MJM is subject to general personal jurisdiction in light of its continuous and systematic business contacts with Tennessee through its marketing and sale of medical care products directly to this Judicial District.

16. MJM is also subject to specific personal jurisdiction through its marketing and, upon information and belief, sale in this Judicial District of the product accused of infringement in this Complaint.

## COUNT I – PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 8,677,520

17. Storm Showers realleges and incorporates by reference paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. MJM infringes the '520 Patent through at least the manufacture, offer for sale and sale of MJM's Total Hygiene Chair, also marketed as Shower Chair with Soft Seat Open Seat, Model No. 118-3-OS-SSOS (the "Total Hygiene Chair").

19. MJM markets the Total Hygiene Chair for sale at least through its catalogs and website located at http://www.mjminternational.com (a true and correct copy of MJM's offer for sale obtained at http://www.mjminternational.com/Product_Page118-3-OS-SSOS.html on August 4, 2014, is attached hereto as Exhibit B).

20. As evidenced by Exhibit B, the Total Hygiene Chair infringes at least claims 9, 12, 16 and 19 of the '520 Patent. Further discovery may reveal that MJM infringes additional claims of the '520 Patent (whether through the Total Hygiene Chair or other products) and Storm Showers reserves the right to assert additional claims as new information becomes available through discovery.

<u>Independent Claim 9 of the '520 Patent</u>

21. The Total Hygiene Chair is an apparatus providing access to a perineum of a seated person.

22. The Total Hygiene Chair comprises a seat having a first pad and a second pad spaced apart from said first pad with a gap therebetween.

23. Said gap extends from a front of said seat to a rear of said seat.

24. Said gap is not obstructed at said front and at said rear.

25. The Total Hygiene Chair further comprises a frame supporting said first pad and said second pad wherein said seat has a height suitable for the seated person to sit thereupon.

26. Said seat and said frame define a first access area at said front of said seat.

27. Said first access area includes said gap at said front of said seat and extends below a bottom of said seat.

28. Said first access area is dimensioned and configured such that a human hand fits through said first access area to reach a central portion of said seat.

29. Said seat and said frame define a second access area at said rear of said seat.

30. Said second access area includes said gap at said rear of said seat and extends below a bottom of said seat.

31. Said second access area is dimensioned and configured such that said human hand fits through said second access area to reach said central portion of said seat.

### Dependent Claim 12 of the '520 Patent

32. The Total Hygiene Chair satisfies each of the limitations set forth immediately above (in paragraphs 21 through 31) with respect to independent claim 9 of the '520 Patent.

33. The Total Hygiene Chair further includes a plurality of wheels attached to said frame.

34. Said frame includes a handle configured to move the Total Hygiene Chair from a first location to a second location.

### Independent Claim 16 of the '520 Patent

35. The Total Hygiene Chair is an apparatus providing access to a perineum of a seated person.

36. The Total Hygiene Chair comprises a seat having a first pad and a second pad spaced apart from said first pad with a gap therebetween.

37. Said gap extends from a front of said seat to a rear of said seat.

38. Said gap is unobstructed at said front and at said rear of said seat.

39. The Total Hygiene Chair further comprises a frame supporting said first pad and said second pad wherein said seat has a height suitable for the seated person to sit thereupon.

40. Said frame and said seat define a passageway extending from said gap downward below a bottom of said seat.

41. Said passageway is dimensioned and configured to allow access and passage of a human arm from said front of said seat to a ventral perineal area of the seated person.

42. Said passageway is dimensioned and configured to allow access and passage of a human arm from said rear of said seat to a dorsal perineal area of the seated person.

### Dependent Claim 19 of the '520 Patent

43. The Total Hygiene Chair satisfies each of the limitations set forth immediately above (in paragraphs 35 through 42) with respect to independent claim 16 of the '520 Patent.

44. The Total Hygiene Chair further includes a pair of rails positioned a selected distance below said seat.

45. Said pair of rails are configured to releasably hold a container dimensioned and configured to receive bodily waste from the seated person.

\* \* \*

46. MJM has notice of the '520 Patent and the likelihood of infringement thereof at least as of the filing of this Complaint and, as set forth below, likely had notice of the application that ultimately issued as the '520 Patent prior to its issuance.

47. To the extent required by law, Storm Showers has complied with the provisions of 35 U.S.C. § 287. The '520 Patent issued on March 25, 2014, and Storm Showers has taken all reasonable steps to commence marking its products that embody the inventions of the '520 Patent and related product literature.

48. MJM's direct infringement as described above has injured and will continue to injure Storm Showers as long as such infringement continues. Storm Showers is entitled to recover damages adequate to compensate it for such infringement (including lost profits relating to the sale of the currently-manufactured Lou Lou Shower Chair) but in no event less than a reasonable royalty for MJM's infringement of the '520 Patent, together with interest and costs.

49. MJM has advertised the Total Hygiene Chair for sale throughout the United States and included therewith a representation that the Total Hygiene Chair is "Patent Pending". (See, Exhibit C, obtained at http://issuu.com/mjminternationalcorporation/docs/mjminternational/27 on August 4, 2014). Storm Showers has been unable to locate any patent application or issued patent belonging to MJM and directed towards any component of the Total Hygiene Chair. Assuming the accuracy of MJM's representations to the public that the Total Hygiene Chair is patent pending, MJM is aware of, or should have been aware of, the '520 Patent through the prosecution of any patent application related to the Total Hygiene Chair.

50. There is a substantial threat of irreparable injury from MJM's continued infringement (including MJM's unlawful encumbrance of the property rights granted by the '520 Patent, which encumbrance places a cloud over Storm Showers' ability to license its patent rights at a fair market value).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Storm Showers LLC respectfully requests that this Court enter judgment against Defendant MJM International Corporation, Inc., and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Storm Showers and against MJM that the '520 Patent is valid, enforceable and infringed by MJM;

B. An award of damages against MJM adequate to compensate Storm Showers for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. Injunctive relief preventing further infringement of the '520 Patent and irreparable injury to Storm Showers in view of the competitive relationship of the parties;

D. An accounting of all costs associated with the filing and maintenance of this action incurred by Storm Showers;

E. A finding that this case is exceptional based at least on MJM's willful infringement of the '520 Patent and an award to Storm Showers of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

F. Such other relief to which Storm Showers is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Storm Showers demands a trial by jury on all issues so triable.

Dated: August 18, 2014

*Of Counsel:*
Gabriel I. Opatken
NOBLE IP LLC
418 North Noble Street
Suite # 4
Chicago, Illinois 60642
Phone: (773) 648-5433
gabriel@nobleipllc.com

Respectfully submitted,

_____
Patrick Shea Callahan
LAW OFFICE OF JON E. JONES
345 South Jefferson Avenue
Suite 400
Cookeville, Tennessee 38501
Phone: (931) 372-8771
jejones@frontiernet.net

**Attorneys for Plaintiff, Storm Showers LLC**